# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | | |
|---|---|---|
| SEAN JASON WEST, | ) | No. CV 08-2365-VBF (AGR) |
| Petitioner, | ) | |
| | ) | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED** |
| v. | ) | |
| JOHN MARSHALL, Warden, | ) | |
| Respondent. | ) | |

On April 10, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The Court orders Petitioner to show cause, on or before **May 12, 2008**, why this Court should not recommend dismissal with prejudice based on expiration of the one-year statute of limitations.

///
///
///
///
///
///

## I.

## PROCEDURAL HISTORY

According to the Petition, Petitioner was convicted in 1994 of kidnap for robbery and second degree robbery in Los Angeles County Superior Court (Case No. BA 096258).[1]  (Petition at 2.)  Petitioner received life sentences plus 14 years.  (*Id.*)  The California Court of Appeal affirmed the judgment with modifications in an unpublished opinion on October 24, 1995.[2]  (*See id.)* The California Supreme Court denied a petition for review on January 3, 1996.[3]  (*See id.* at 3.)  Petitioner indicates that he did not file any state habeas petitions.[4]  (*Id.*)

On April 10, 2008, Petitioner filed the Petition in this Court.  The Petition asserts three grounds for relief: (1) insufficiency of the evidence; (2) failure of the trial court *sua sponte* to instruct on a lesser included offense; and (3) CALJIC 2.00 and 2.01 are constitutionally deficient.

## II.

## STATUTE OF LIMITATIONS

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a

---

[1]   According to the court's online docket, judgment was entered in Case No. 096258 on November 17, 1994.

[2]   The court's online docket indicates that the case numbers on appeal are B088888 and B093961.

[3]   The court's online docket indicates that the case number is S050171.

[4]   The court's online docket indicates that Petitioner filed a habeas petition before the California Supreme Court on July 23, 2007, which was denied on January 3, 2008 (Case No. S154626).

state court. 28 U.S.C. § 2244(d)(1).  The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

Based on the record before the court, Petitioner was convicted on November 17, 1994.  (Petition at 2; *see supra* n.1.)  The California Court of Appeal affirmed the judgment on October 24, 1995.  (Petition at 2; *see supra* at 2 & n.2.)  The California Supreme Court denied review on January 3, 1996.  (Petition at 3; *see supra* at 2 & n.3.) Petitioner's conviction became final ninety days later, on April 2, 1996, when the time for him to petition for certiorari elapsed.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Because Petitioner's conviction became final before the effective date of the AEDPA, Petitioner was required to file a federal habeas petition by April 24, 1997. *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003).  Petitioner signed his federal habeas petition on March 3, 2008.  (Petition at 8.)  Therefore, the Petition is time-barred unless the statute of limitations was tolled.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The Petition does not indicate that any state habeas petition was filed after the conviction became final.  (Petition at 3.)  The California Supreme Court's online docket indicates that Petitioner filed a habeas petition on July 23, 2007, which the Court denied on January 3, 2008.  However, a state habeas petition filed after the limitations has expired does not toll or revive the expired limitations period.  *Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003), *cert. denied*, 541 U.S. 1078 (2004).  Given that Petitioner does not appear to have filed any

1  habeas petitions in state court before expiration of the one-year statute of limitations,

2  the limitations period was not tolled at any time pursuant to 28 U.S.C. § 2244(d)(2).[5]

3      The Supreme Court has not decided whether § 2244(d) allows for equitable

4  tolling. *Lawrence v. Florida,* 127 S. Ct. at 1085.  Even assuming equitable tolling

5  applies, Petitioner bears the burden of showing "(1) that he has been pursuing his rights

6  diligently, and (2) that some extraordinary circumstance stood in his way and prevented

7  timely filing." *Id.* (citation and internal quotation marks omitted).  The extraordinary

8  circumstances must have been the cause of his untimeliness.  *Pace v. DiGuglielmo*,

9  544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

10     The Petition does not indicate any basis for equitable tolling.

11  ### III.

12  ### ORDER TO SHOW CAUSE

13     IT IS THEREFORE ORDERED that, on or before ***May 12, 2008***, Petitioner shall

14  show cause, if there be any, why this Court should not recommend dismissal with

15  prejudice of the Petition based on expiration of the one-year statute of limitations.

16  Petitioner's response must explain why his Petition is not barred by the statute of

17  limitations.

18  ***If Petitioner does not respond to this Order to Show Cause, the Magistrate***

19  ***Judge will recommend that the Court order the petition dismissed, with prejudice,***

20  ***based on expiration of the one-year statute of limitations.***

22  DATED: April 11, 2008

23  _____

    ALICIA G. ROSENBERG

24  UNITED STATES MAGISTRATE JUDGE

---

27  [5]    The one-year statute of limitations is not tolled while a federal habeas petition is

28  pending. *Lawrence v. Florida*, 127 S. Ct. 1079, 1083, 166 L. Ed. 2d 924 (2007).

4